CaRütheRS, J.,
delivered the opinion of the Court.
The indictment and conviction in this case was for obtaining twenty dollars in bank notes by false preten- *502 ces, under the Code, art. 5, p. 844. The term of imprisonment was fixed at seven years.
Code, § 4701: “Every person, who by any false pretence, or by any false token, or counterfeit letter, with intent to defraud another, obtains from any person any personal property, on the signature of any person to any written instrument, the false making of whieh is forgery, shall, on conviction,” &c. The difficulty made upon the .section is entirely obviated by changing the word on to or, in the third line after the word “property,” which was evidently intended, and must be regarded as a clerical error or misprint. It would be nonsense as it stands, and must be read with the change suggested. It would then so read as to make the “obtaining” of property, including money, or “obtaining ” the name of any one to an instrument, by false pretences, tokens, or counterfeit letters, felony. This last branch of the offence is not in the act of 1842, but is certainly an improvement of it. This reformation of the language of the act, by changing the word “ on ” to “or” is indispensable to make it intelligible.
It is insisted, that if the plaintiff in error, and his accomplice, Smith, whose case is not now before us, are guilty of any offence, it is that of passing counterfeit coin, and not the offence charged. This position is correct, if it applies, as we have heretofore held. It was not intended by the act of 1842, or the Code, § 4701, to cover or give a new name to the then existing and long established offence of passing counterfeit money, but to create a new felony. So if the crime here consisted of passing counterfeit coin for goods or bank notes, the *503 «conviction would be erroneous, because that is not tire «charge in the indictment.
These are the facts, as stated by the prosecutor, Stephen Gibson:
“ On the 10th of February, 1859, he was at a boarding-house, near the Memphis and Charleston Railroad depot, in company with two gentlemen from Arkansas: that while conversing with them, the defendant, Roberts, came up to them and joined in the conversation. He told defendant, Roberts, that he was from Alabama, and a stranger in Memphis. Roberts spoke of the danger to ibe apprehended by strangers from pickpockets, thieves, and swindlers who infested the depot and city; that they all walked over to the depot, still talking about thieves, &c.; that soon after they reached the depot, and were standing near the lamps, Wm. Smith, who is jointly indicted, came up to where they were standing, and asked Roberts if he could change for him a twenty dollar gold piece. Roberts said he did not know, but would look and see, and pulled out his port-monnaie and ■examined it, and said that he could not, but perhaps the gentleman from Alabama could give him the change. Witness then said he believed he ' could, and walked to the light with Roberts and Smith, where he pulled out ¡his pocket-book and took therefrom two five dollar bills, one on an Alabama and the other on a South Carolina bank, and a ten dollar bill on the Bank of Tennessee, and handed the same to Smith, who thereupon handed witness what he, at first, took to be a twenty dollar gold piece, but -which was in fact a piece of spurious metal, about the size of a twenty-dollar gold piece, which was the color of gold; and upon one side could *504 not be distinguished, without close inspection, from genuine gold coin; but on examination of the other side, it could be easily and readily discovered to be but an advertisement, and did not purport to he ffold coin Smith immediately made off with the bank bills,, before the witness had inspected the metal, which he at once discovered to be base metal, but could not overtake Smith. The defendant denied having any acquaintance with Smith; but made his escape while the prosecutor went after a policeman. They were both soon after arrested, and found to be well acquainted^ and both had in possession the same kind of metal pieces passed to defendant. The proof leaves no doubt of the complicity of Roberts with Smith, or the guilt of both.
This was not counterfeit coin ,as it did not purport to be a representation of gold! coin, when examined, but a false imitation of it only on one side. It was a trick, and base contrivance, and false pretence to obtain money or property fraudulently. This is the offence charged against them. This objection, then, cannot be maintained.
Again, it is insisted that the imposition could have, been easily detected by ordinary care, and therefore it does not constitute the offence charged. This does not fall within that class of cases contained in the books referred to. It was calculated to deceive, and did deceive under the circumstances. The time, place, and circumstances are all to be taken into view in determining this question. Only one side of the metal was presented, and that by a dim light, and in the hurry and confidence of the moment, was calculated to deceive and accomplish the fraudulent purpose. We are not disposed *505 to carry this defence to the extent of some of the cases relied upon, to screen the guilty thief from the penalty of the law for this most detestable species of larceny. The trick must be obvious and palpable to ordinary observation — the circumstances all considered— to constitute this defence.
The conviction is well sustained by the law and evidence, and the judgment is affirmed.